Dear Mayor Tregle:
This office is in receipt of your request for an opinion of the Attorney General in regard to fees of an attorney for attendance of the Morgan City Municipal Fire and Police Civil Service Board. You indicate the Civil Service laws pertaining to Morgan City is R.S. 33:2531 et seq relative to municipalities having a population between 7,000 and 13,000.
You refer to provisions that set forth the following:
 R.S. 33:2537: The Board shall * * * (5) Conduct investigations and pass upon complaints by or against any officer or employee in the classified service. For the purposes of demotion, reduction of position or abolition thereof, suspension or dismissal of the officer or employee, in accordance with the provisions of this Part.
 R.S. 33:2561(B)(1): All such hearings and investigations conducted by the Board pursuant to the provisions of this part shall be open to the public. * * * *.
 R.S. 33:2561(B)(3): The Board shall have complete charge of any such hearing and investigation, and may conduct it in any manner it deems advisable, without prejudice to any person or party thereto. * * * *.
 R.S. 33:2566: If this Part or its enforcement by the board is called into question in any judicial proceedings or if any person fails or refuses to comply with the lawful orders or directions of the board, the board may call upon the attorney general, or the chief legal officer of the municipality, parish or fire protection district under which the fire and police service functions or may employ independent counsel to represent it in sustaining this Part and enforcing it. * * * *.
 You feel that R.S. 33:2566 gives the Board the authority to obtain an attorney if the law or its enforcement by the Board is called into question in a judicial proceeding, and you point out in Atty. Gen. Op. 94-47 that this office concluded the Board's hearing deliberations are not exempt as judicial proceedings under R.S. 42:6.1. In the latter opinion it was concluded that the Civil Service Commission is not a judicial branch agency despite the fact that it performs certain quasi-judicial functions with respect to the hearing and disposition of appeals.
Based upon the latter opinion, you ask whether this hearing is a judicial proceeding as referenced in R.S. 33:2566, and is the City responsible for paying legal fees for an attorney during a civil service hearing?
We find R.S. 33:2561, as titled, is relative to "Appeals by employees to the board", and Section B(2) sets forth that both the employee and the appointing authority have the opportunity to appear before the board "either in person or with counsel". Whereas R.S. 33:2566 pertains to subsequent action when "enforcement by the board" is questioned, "if any person fails or refuses to comply with the lawful orders or directions of the board", and provides the board may call upon the attorney general, attorney for the municipality, parish or fire protection district involved or may employ independent counsel.
R.S. 33:2566 is specifically applicable to situations arising after the action of the Board "in any judicial proceedings" and provides the board may seek legal representation from the sources designated therein. Up until such action arises, this office has determined the matter is not a judicial proceeding, but when the conclusion of the board is called into question or if the person refuses to abide by the ruling, the Board may commence judicial proceedings with representation by those parties listed in the statute.
In this regard this office observed in Atty. Gen. Op. 92-66 that the governing body of the municipality shall make adequate annual appropriations to enable the board to carry out effectively the duties imposed upon the board and furnish the board with necessities for its operation, and "debts incurred by a board while performing its statutorily created duties are the liability of the governing body." However, it was recognized that the requirement that adequate appropriations be made "does not extend to `any and all debts' incurred by a civil service board." The provisions of R.S. 33:2566 were recognized wherein it provides for selection of representation by the Board from the attorney general, chief legal officer of the municipality, parish or fire protection district under which the fire and police service functions or authorization to employ independent counsel, and that approval by the Mayor and Board of Aldermen was not required.
Furthermore, this office then noted that the attorney-client relationship is contractual in nature "and both attorney and client must consent to a fee". It therefore, follows that by employment of independent counsel the attorney fees would be a responsibility of the Board.
Accordingly, we find the hearing before the Civil Service Board is not a judicial proceeding, but an appeal by the employee to the board in regard to action taken by the appointing authority. An attorney for the appointing authority or the employee is optional for the appearance before the Board. Thereafter, any contest by the employee against action of the Board, or action by the Board against the employee who fails to comply with the order of the Board would be called into question in a judicial proceeding, and any expense for an attorney on behalf of the Board would be at the Board's expense. Pursuant to R.S. 33:2566 the Board has the option of calling upon the Attorney General, attorney of the municipality, parish or fire protection district involved, or "employing independent counsel".
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_____________________________ BARBARA B. RUTLEDGE ASSISTANT ATTORNEY GENERAL
RPI/bbr
Date Released: July 11, 2003